NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
MAR 0 8 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-296-KSF

STEVE RENNICK, SR.                                                                PLAINTIFF

VS:             **MEMORANDUM OPINION AND ORDER**

WILLIAM RICHARD GALLAGHER                                    DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court upon the prisoner-plaintiff's response to the Court's Show Cause Order of January 10, 2006.

This action was initiated on July 18, 2005, by Rennick's submission of the district court filing fee for a civil action and a *pro se* complaint, claiming that the defendant attorney committed "negligence, indifference, and malpractice in [his] role as legal counsel for the Plaintiff"; and that this Court has diversity jurisdiction over his claims pursuant to 28 U.S.C. §1332.

When 120 days had passed without any indication that the plaintiff had served the complaint on the defendant or had taken any other action to press his cause, this Court issued its January 10th Order, informing the plaintiff that it was considering dismissal of his case on several grounds and granting him 30 days in which to show cause why it should not be dismissed on any of these grounds [Record No. 2].

The plaintiff has filed a timely response to the Court's Order, informing the Court that he had filed several fee-paid lawsuits in the summer of 2005; with regard to all of them, he and his sister had repeatedly requested summons forms from the Clerk of the Court in order to serve the

defendants; but they had repeatedly been informed by the Clerk that "such forms were only provided by Order of the Court and the complaint had to be reviewed and released by the 'pro se clerk' before a summons could be issued." He attaches copies of the long distance telephone records, which do, indeed, show multiple calls to the Clerk of this Court from July to November of 2005.

Thus, the plaintiff responds, the failure to serve the defendant herein, and in the other cases, has not been his fault and so he should not be punished based on lack of service within the 120 days provided in Federal Rule of Civil Procedure 4(m). He does understand and admit that he brought the action in the "wrong jurisdiction," however. Therefore, the plaintiff asks that the Court transfer the action to the proper jurisdiction "or dismiss it without prejudice to allow for re-filing." Record No. 3.

Accordingly, in light of the plaintiff's response to the Court's Show Cause Order; his alternative requests therein; and the several grounds which warrant dismissal of the instant action, as set out in the Court's Order of January 10, 2006, **IT IS ORDERED** that the instant action is **DISMISSED**, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This the 8th day of March, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE